IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | | |
|---|---|---|
| **ODOM INDUSTRIES, INC.; DONNA S. ODOM; CARMEN DENISE JAMES; DEBRA KAYE MCMICHAEL; ALEXANDER ODOM; and 3D PROPERTIES, LLC** | § § § § § § | **PLAINTIFFS** |
| v. | § § | 3:24-00376-CWR-LHI |
| **SIPCAM AGRO SOLUTIONS, LLC; and SIPCAM AGRO USA, INC.** | § § § | **DEFENDANTS** |

**MEMORANDUM IN OPPOSITION
TO [9] [10] AMENDED MOTIONS TO APPEAR PRO HAC VICE**

Plaintiffs Odom Industries, Inc., Donna S. Odom, Carmen Denise James, Debra Kaye McMichael, Alexander Odom, and 3D Properties, LLC ("Plaintiffs") request an order denying the [9] Amended Motion for Amy Buice to Appear Pro Hac Vice and [10] Amended Motion for Bill Long to Appear Pro Hac Vice.

On July 2, 2024, Defendants Sipcam Agro Solutions, LLC and Sipcam Agro USA, Inc. ("Defendants") first attempted to have Attorneys Guice and Long admitted pro hac vice. That effort was not successful because the application forms did not comply with this Court's local rules, namely Rule 83.1(d)(4)(J) of the Local Uniform Civil Rules. *See* 07/03/2024 Text Only Order (denying [7] [8] Motions and stating that L.U. Civ. R. 83.1(d)(4)(J) requires Section J to "contain Resident Attorney information, not the Applicant's information" and inviting Defendants to file a corrected, amended petition). That led to the pending pro hac vice requests, [9] Amended Motion for Amy Buice to Appear Pro Hac Vice and [10] Amended Motion for Bill Long to Appear Pro Hac Vice.

Three straightforward reasons warrant denying the [9] [10] Amended Motions.

First, Attorney Buice and Attorney Long have violated the plain terms of this Court's local rules by appearing in this case before being admitted pro hac vice. The Court's local rules expressly state applications for admission pro hac vice "ordinarily should be granted <u>unless</u> . . . the applicant had, before the application, filed or appeared in the federal court without having secured approval under these rules." L.U. Civ. R. 83.1(d)(7)(E) (emphasis added). Here, both Attorney Buice and Attorney Long allowed their names to be placed on at least two filings, adding "pro hac vice admission pending" despite having not even filed their requests to be admitted pro hac vice. In addition to being factually inaccurate, these actions unquestionably constitute an "appearance" under the Court's local rules. *See Reech v. Sullivan*, No. 3:18-cv-35-HSO-LRA, 2018 WL 1698303, at *2 (S.D. Miss. Apr. 5, 2018) (citing cases).

In a similar situation, this Court has denied pro hac vice admission. *See Reech*, 2018 WL 1698303, at *2-4 (denying admission pro hac vice admission of attorney applicant who, before being admitted pro hac vice, signed complaint along with local counsel and executed notice and waiver documents in furtherance of that complaint). This Court specifically held disqualification was warranted under the facts because the unauthorized attorney not only appeared through having his name and signature on the complaint, but he engaged in a subsequent action in furtherance of the complaint yet "offer[ed] no valid justification for [the] unauthorized appearance" and no explanation for his "execution of the notice and waiver documents" in furtherance of the complaint. *Id*. at *3.

While at least two decisions applying *Reech* have stopped short of disqualification, those decisions are factually distinguishable. *See Secherest v. City of Lexington*, No. 3:24-cv-34-TSL-MTP, 2024 WL 1639726, at *3 (S.D. Miss. Apr. 16, 2024) (recognizing *Reech* but stopping short of disqualifying attorney, reasoning that while "she made an unauthorized appearance when she

signed the Complaint . . . before being admitted pro hac, . . . the record reveals that she has made no other filings in this matter"); *Clayton v. City of Oxford, Mississippi*, No. 3:21-cv-174-GHD-JMV, 2021 WL 4699182, at *3 (N.D. Miss. Oct. 7, 2021) (opting not to disqualify attorney who made unauthorized appearance by having his name included on the complaint because "the record reveal[ed] no other 'appearances' or filings by [the attorney] in this case" before his application for admission pro hac vice was filed). In contrast to the facts of *Secherest* and *Clayton*, Attorney Buice and Attorney Long not only made an unauthorized appearance through the [1] Notice of Removal, both attorneys made a second unauthorized appearance through the [2] Corporate Disclosures. In any event, both cases explain the seriousness of unauthorized appearances and of failures to comply with this Court's local rules related to pro hac vice admissions.

Lack of compliance with this Court's local rules informs the second reason warranting denial of the [9] [10] Amended Motions. As *Reech* and the cases it cites make clear, both Attorney Buice and Attorney Long have already appeared in this civil action, through at least two filings designating themselves as counsel pro hac vice. *See* [1] Notice of Removal at 6; [2] Corporate Disclosures at 2. As a result, it is questionable whether either attorney could certify that they had not previously appeared as counsel pro hac vice in Mississippi in the past 12 months, yet both simply responded "NA" to the pertinent question on their applications despite the fact they had already appeared (albeit improperly) through two filings in this case. *See* [9] Amended Motion at p. 5 ¶ H; [10] Amended Motion at p. 5 ¶ H. This militates in favor of denying the [9] [10] Amended Motions.

Third, both Attorney Buice and Attorney Long certified that they have "read and become familiar with" this Court's local rules. *See* [9] Amended Motion at p. 5 ¶ I; [10] Amended Motion at p. 5 ¶ I. However, that does not seem to be the case as both attorneys violated the plain terms of

those local rules through at least two filings. *Compare* [1] Notice of Removal at 6; [2] Corporate Disclosures at 2 *with* L.U. Civ. R. 83.1(d)(7)(E). This further militates in favor of denying the [9] [10] Amended Motions.

This Court has said before, "the ability to appear pro hac vice is a privilege, not a right[.]" *Reech*, 2018 WL 1698303, at *3 (quoting *Blitz Telecom Consulting, LLC v. Peerless Network, Inc.*, No. 6:14-cv-307-Orl-40GJK, 2016 WL 6125585, at *2 (M.D. Fla. Oct. 20, 2016)). On this record, that privilege should be denied. For these reasons, Plaintiffs respectfully request that this Court deny the [9] [10] Amended Motions to Appear Pro Hac Vice.

Respectfully submitted, July 12, 2024.

                                                    s/ *Nicholas F. Morisani*
G. Todd Butler, MB 102907
Nicholas Morisani, MB 104970
4270 I-55 North
Jackson, Mississippi 39211-6391
Telephone: 601-352-2300
Facsimile: 601-360-9777
Email: Todd.Butler@phelps.com
       Nicholas.Morisani@phelps.com

4

PD.46044012.1

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the above and foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record.

Dated: July 12, 2024

                                         /s/ *Nicholas F. Morisani*
                                         Nicholas F. Morisani